IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CLIFTON HENNINGTON, #2069964 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv593 |
| BOBBY LUMPKIN, ET AL., | § | |

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Clifton Hennington ("Plaintiff"), an inmate at the William P. Clements Unit of the Texas Department of Criminal Justice ("TDCJ"), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) The cause of action was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On November 1, 2021, Judge Love issued a Report (Docket No. 35) recommending that Plaintiff's claim for money damages against Defendants in their official capacities under 42 U.S.C. § 1983 should be dismissed without prejudice. *Id*. Judge Love also found that all other claims brought by Plaintiff should be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). *Id*.

The Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

1

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir, 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten days to fourteen).

In his objections, Plaintiff complains that the information regarding the medical report from on or about March 25, 2020, consisted of "[f]alse information…by a Doctor who has never met the Plaintiff." (Doc. No. 36, at 1.) Plaintiff further complains that his vitals were not taken at the nursing sick call in March 2020 and that he was not treated at all in March 2020. *Id*. Plaintiff also complains that the medical records, which are dated March 26, 2020, were actually from 2019 and that the date on them was altered. *Id*. at 4. Plaintiff complains that there is no proof that he was vaccinated in March 2020. *Id*. at 1, 4.

Plaintiff's complaints are not supported by the record. The medical reports show that Plaintiff was seen in a nursing sick call on March 26, 2020, and that his vitals were taken on that day. (Doc. No. 31, at 8–14.) Thus, Plaintiff was treated in March 2020. There is no evidence to indicate that the date of the medical reports is inaccurate. Further, Judge Love's Report does not state that Plaintiff was vaccinated in March 2020, but rather that he was vaccinated on April 29, 2021, and May 19, 2021. (Doc. No. 35, at 5, 11.) Thus, the record shows that Plaintiff was treated for COVID-19.

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1)

(District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such de novo review, the Court has determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit.

Accordingly, it is **ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Docket No. 35) is **ADOPTED** as the opinion of the Court. Plaintiff's objections (Docket No. 36) are **OVERRULED**.

So **ORDERED** and **SIGNED** this **1st** day of **December, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE