IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CLIFTON B. HENNINGTON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-593-JDK-JDL |
| KIRT STIEFER, et al., | § § § | |
| Defendants. | § § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Clifton B. Hennington, an inmate currently confined at the Clements Unit within the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On December 1, 2021, the Court dismissed Plaintiff's claims against Defendants in their official capacities without prejudice and in their individual capacities with prejudice for failure to state a claim. Docket Nos. 37; 38. Then, on September 9, 2024, Plaintiff filed a motion to alter judgment pursuant to Federal Rule of Civil Procedure 60(b). Docket No. 39. Judge Love issued a Report and Recommendation recommending that the motion to alter judgment be denied on March 25, 2024. Docket No. 42. Plaintiff timely filed objections. Docket No. 44.

1

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff reiterates the same arguments raised in his amended complaint (Docket No. 22) and addressed in the November 1, 2021 Report and Recommendation (Docket No. 35). These arguments still fail. Plaintiff's allegations regarding the treatment and testing for Covid-19 fall below the level of medical deliberate indifference. At most, he states a claim for negligence. However, no matter how egregious, negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Marsh v. Jones,* 53 F.3d 707, 712 (5th Cir. 1995).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 44), **ADOPTS** the Report of the Magistrate Judge (Docket No. 42) as the opinion of the Court, and **DENIES** the Plaintiff's motion to alter judgment (Docket No. 39).

So **ORDERED** and **SIGNED** this **18th** day of **June, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3